**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DARRYL T. WILSON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No. SAG-20-0869** |
| | * | |
| **OFFICER ENOS DETWEILER,** | * | |
| ***et al.*,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Darryl T. Wilson filed this action against Officers Enos Detweiler and Jakob Brown of the Elkton Police Department (collectively "the Officer Defendants"), challenging the legality of the Officer Defendants' actions in connection with his arrest on October 15, 2018. ECF 1. Wilson also named the Town of Elkton ("the Town") and the Elkton Police Department ("the EPD") as defendants (collectively, with the Officer Defendants, "Defendants"). *Id.* Before the Court are two Motions to Dismiss the Complaint, or, in the alternative, for Summary Judgment: one filed by the Officer Defendants, ECF 6; and one filed jointly by the Town and the EPD. ECF 8. The Court has reviewed each Motion, along with the related Oppositions and Replies thereto. *See* ECF 9, 10, 11, 12. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the Officer Defendants' Motion will be granted in part and denied in part, and the Motion filed by the Town and the EPD will be granted.

## I.   FACTUAL BACKGROUND

The following facts from the Complaint are accepted as true, and all reasonable inferences are drawn in Plaintiff's favor. *See, e.g.*, *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637

F.3d 435, 440 (4th Cir. 2011).  While on duty on October 15, 2018, the Officer Defendants received a call to Wilson's home at 106 Mike Court in Elkton, Maryland, to investigate a report of a disturbance at the residence.  ECF 1 ¶ 9. Upon arrival, Wilson and his wife identified themselves to the Officer Defendants, and stated that no physical altercation had taken place. *Id.* ¶¶ 9, 12.  The Officer Defendants advised Wilson that a protection order had been issued against him, but that they did not have the actual order to serve. *Id.* ¶¶ 11, 13. Next, they ordered Wilson to produce his identification, and he told the Officer Defendants that his identification was outside in his car. *Id.* ¶¶ 15, 16.  The Officer Defendants informed Wilson that if he went outside to retrieve his identification, he could not reenter the house, due to the protection order.  *Id.* ¶ 17.  Wilson told the officers that he would go to get his identification, but that they lacked authority to prevent him from re-entering his home. *Id.* ¶ 18.  At that point, the Officer Defendants told Wilson that he was under arrest, and physically took him down to the floor of his home to handcuff him, causing injury to his neck and shoulder. *Id.* ¶¶ 19, 20, 22.  The Officer Defendants then transported Wilson to the Elkton Police Department, where he was detained for several hours. *Id.* ¶¶ 21, 23.

The Officer Defendants charged Wilson with three criminal offenses as a result of the October 15, 2018 incident:  failure to obey a reasonable and lawful order; resisting arrest; and obstructing and hindering. *Id.* ¶¶ 24, 25.  Following his criminal trial in Maryland state court on March 4, 2019, Wilson was acquitted of all charges.  *Id.* ¶¶ 27-29.

Plaintiff filed the instant Complaint on April 1, 2020, seeking recovery of compensatory damages, punitive damages, and reasonable attorneys' fees based on twelve claims for relief. ECF 1.  Count I alleges that the Officer Defendants infringed Wilson's constitutional right to be free

from unreasonable stops, searches and seizures, in violation of 42 U.S.C. § 1983.[1] *Id.* ¶¶ 33-41. Count Two alleges that the Officer Defendants subjected Wilson to malicious prosecution in violation of 42 U.S.C. § 1983. *Id.* ¶¶ 42-49. Counts Three through Five, and Eight and Nine, allege state law intentional tort claims of battery, false arrest, false imprisonment, malicious prosecution, and abuse of process against the Officer Defendants. *Id.* ¶¶ 50-62, 69-77. Counts Six and Seven allege claims for violation of Articles 24 and 26, respectively, of the Maryland Declaration of Rights, against the Officer Defendants. *Id.* ¶¶ 63-68. Count Ten asserts a state law claim for Intentional Infliction of Emotional Distress against all Defendants. *Id.* ¶¶ 78-82. Count Eleven asserts a state law claim for negligent hiring, retention, and supervision against the Town and EPD, and Count Twelve asserts a state law claim for indemnification against those entities. *Id.* ¶¶ 83-89.

## II.    LEGAL STANDARDS

The Defendants have filed motions to dismiss most counts of the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 6, 8. A defendant is permitted to test the legal sufficiency of a complaint by filing such a motion. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6)

---

[1] Wilson's Complaint expressly names only "Defendant Detweiler and Defendant Brown" in the *ad damnum* clauses of Counts One, Two, Three, Four, Five, Six, Seven, Eight, and Nine, and none of the factual allegations in those Counts makes reference to any actions by the Town or the EPD. ECF 1. However, the Motion to Dismiss filed by the Town and the EPD addresses all of the Counts as if they had stated claims against the Town, and includes an apparently unfinished footnote that reads, "The only claims that the Town is not seeking to dismiss are the claims arising under the Maryland Declaration of Rights – Counts and ." ECF 8-1 n.1. Presumably, the Town intended to refer to Counts Six and Seven, which invoke the Maryland Declaration of Rights, although those two Counts do not state any claims against the Town or the EPD. Because all claims against the Town are being dismissed without prejudice, to the extent Wilson intended to name the Town as a Defendant in Counts Six and Seven, he can seek leave to file an amended complaint to do so.

motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions.'"); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

4

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co.*, 637 F.3d 435 at 440 (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In the alternative, in this case, Defendants seek summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348

(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)). Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348-49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, n369 U.S. 654, 655 (1962)).

Typically, summary judgment is not granted "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, 637 F.3d at 448-49. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To present the issue, the nonmovant is typically required to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d), explaining why "for specified reasons, it cannot present facts essential to justify its opposition," without further discovery.

In this case, Wilson did not file a Rule 56(d) affidavit.  To the contrary, Wilson attached evidence to his Oppositions, including the transcript from his criminal trial, and a sworn declaration describing the course of events from his perspective.  ECF 9-1; ECF 9-2.  In addition, Wilson somewhat surprisingly appears to advocate for review of Defendants' motions under the stricter summary judgment standard.  *See* ECF 9 at 6 ("Since the Defendants' Rule 12(b)(6) request has included documents outside of the pleadings, Defendants' motion must be treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.").

## III.    ANALYSIS

The pending motions seek to dismiss, or, in the alternative, seek summary judgment as to most counts of the Complaint. Each argument will be addressed in turn.

### A.    The Officer Defendants' Motion to Dismiss

#### 1.    Counts One through Seven

The Officer Defendants seek to dismiss, or seek summary judgment as to, all Counts against them, with the exception of Count Eight (Malicious Prosecution).  ECF 6-1 at 2 (explaining that all but Count 8 cannot survive dismissal or summary judgment). For the first seven Counts, the Officer Defendants contend that Wilson's claims are deficient because he was arrested pursuant to a valid arrest warrant, which had been procured by Wilson's wife from a district Court commissioner earlier on October 15, 2018.  *See, e.g., Id.* at 6 ("Count 1, which alleges a Fourth Amendment violation via 42 U.S.C. 1983, cannot survive summary judgment simply because *an arrest made pursuant to a warrant* is lawful.") (emphasis added); *Id.* ("Here, Plaintiff cannot possibly prevail on his false arrest or imprisonment claims *because he was arrested pursuant to a valid warrant*.") (emphasis added); *Id.* at 7 ("*Because it is undisputed that Plaintiff was arrested pursuant to a warrant*, there was legal justification for Plaintiff's arrest as a matter of law and thus

the officers cannot be liable for violating Article 24.") (emphasis added). The Officer Defendants attached the arrest warrant to their Motion.  ECF 6-2.  As described above, Wilson also attached evidence to his Opposition, e.g., ECF 9-1, and agrees that the Court should evaluate his claims under the summary judgment standard.

Importantly, Wilson does not contest the validity of the arrest warrant, or its existence on the date of his arrest.  Instead, Wilson disputes whether the Officer Defendants knew of the arrest warrant before arresting him, and/or whether they arrested him "pursuant to" the outstanding warrant.  ECF 9 at 6 ("[T]here is a genuine dispute of material fact as to whether the Defendants knew that there had been an arrest warrant issued").  The uncontroverted evidence presented at this stage, in the form of the trial testimony of both Officer Defendants, is that they *did* know of the existing arrest warrant at the time of the arrest, having been advised by dispatch prior to their arrival at Wilson's home.  *See* ECF 9-1 at 11:7-11 (Detweiler testimony, "I was told by dispatch prior to my arrival that Mr. Wilson had a protective order that hadn't been served to him yet, and I was also told that he had an active arrest warrant by Officer G Brown through our agency."); *id.* at 25:10-12 (Brown testimony, "[P]rior to my arrival, dispatch had let me know that there was an active protection order and an active arrest warrant.").  Thus, Wilson's unsupported speculation that the officers were unaware of the warrant's existence does not, alone, create a genuine issue of material fact.

However, the testimony of both Officer Defendants suggests that, while they knew of the existence of the arrest warrant, there is a genuine question of material fact as to whether they arrested Wilson "pursuant to" that warrant.  Namely, Wilson contends that the Officers arrested him for his refusal to retrieve his identification from his vehicle.  Indeed, Officer Brown testified that he did not tell Wilson about the pending arrest warrant because Wilson's family was present,

8

and because Officer Brown wanted to run Wilson's name through the system himself to confirm the warrant "to make sure that that's the person who I'm arresting."  ECF 9-1 at 26:8-20. Moreover, Officer Brown testified that the arrest was effected in light of Wilson's failure to provide his identification.  *Id.* at 26:24-27:2.  Similarly, when asked about the basis for Wilson's arrest, Detweiler testified, "Well, we knew he had an active arrest warrant, but he was being arrested due to failing to listen to anything we were instructing him to do."  *Id.* at 12:23-25.

In light of that somewhat ambiguous evidence, at this early stage of the case, there is a genuine issue of material fact as to whether the Officer Defendants can be deemed to have arrested Wilson "pursuant to" the existing arrest warrant.  There may also be a legal question as to whether, if the warrantless arrest is later determined to have violated Wilson's rights, the existence of the valid arrest warrant alone can establish probable cause for his arrest, rendering the other circumstances immaterial.  However, at this stage, the parties have not cited, and this Court has not found, any binding precedent establishing that principle in either direction.  Further, despite Wilson's submission of the criminal trial testimony from the involved parties, discovery is warranted to ferret out the extent of the Officer Defendants' knowledge of, and reliance on, the arrest warrant during the incident in Wilson's home. Accordingly, the Officer Defendants' motion to dismiss or for summary judgment will be denied as to Counts One through Seven, at this stage of the litigation.

However, with respect to Counts One and Two (the § 1983 claims), the Officer Defendants are not subject to suit for monetary or punitive damages, in their official capacities.  *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" for purposes of suit for money damages).  Wilson has not responded to the Officer Defendants' argument on this basis,

and accordingly has waived his opportunity to contest the dismissal. *See Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1246-47 (D. Md. 1997) (stating failure to meaningfully oppose or respond to an argument in a motion constitutes a waiver). Counts One and Two, therefore, will be dismissed with prejudice, to the extent they allege claims against the Officer Defendants in their official capacities.

### 2.  Count Nine

In Count Nine, Wilson asserts a common law abuse of process claim against the Officer Defendants. The elements of that claim require Wilson to establish: (1) that "the defendant wilfully used process after it has issued in a manner not contemplated by law"; (2) that the defendant "acted to satisfy an ulterior motive;" and (3) that "damages resulted from the defendant's perverted use of process." *One Thousand Fleet Ltd. Ptship v. Guerriero*, 346 Md. 29, 694 A.2d 952, 956 (Md. 1997); *see also Attorney Grievance Comm'n of Md. v. Roberts*, 394 Md. 137, 161 (2006) ("[A]buse of process requires 'a perversion of court process to accomplish some end which the process was not designed to accomplish; it does not arise from a regular use of process, even with ulterior motives.'"). Count Nine of Wilson's Complaint simply reiterates the elements of abuse of process, without identifying any facts to render the claim "plausible on its face."[2] *Twombly,* 550 U.S. at 570; *see also* ECF 1 at 12.  This Court is unable, even viewing the facts in the light most favorable to Wilson, to identify the conduct he alleges to constitute "the use of process after it has issued in a manner not contemplated by law." *See Campbell v. Lake Howell Homeowners Ass'n*, 852 A.2d 1029, 1044 (Md. Ct. Spec. App. 2004). From his Opposition, it appears that the process he

---

[2] The Court has reviewed Counts Nine and Ten using the Motion to Dismiss standard, rather than the more stringent standard required to defeat a summary judgment motion.  Even under the more lenient pleading standard, Counts Nine and Ten fail to pass muster. There are simply no factual allegations, and certainly no evidence cited, to meet the elements of either claim.

complains of is the filing of the criminal charges. As an initial matter, a plaintiff "cannot, through the use of motion briefs, amend the complaint." *Mills v. State Highway Admin.*, 2015 WL 72270, at *3 (D. Md. Jan. 5, 2015). Regardless, the statements in the opposition might suggest a factual basis for a malicious prosecution claim, but it would only be "a regular use of process" and not "the use of process after it has issued in a manner not contemplated by the law." *See* ECF 9 at 14 ("Defendant's motive in charging Plaintiff with failure to obey a reasonable and lawful order, resisting arrest and obstructing and hindering was based upon their unlawful activities not contemplated by law, namely, involving themselves in the service of a protective order."). In any event, absent the allegation of any facts in the Complaint to suggest how each element of an abuse of process claim might be satisfied, dismissal without prejudice is appropriate.

### 3. Count Ten

Wilson also asserts a claim for intentional infliction of emotional distress under Maryland law. ECF 1 ¶¶ 78-82. Once again, the Count contains only a barefaced recitation of the elements of the offense, without any factual explication. Even attempting to read the remainder of the Complaint in the light most favorable to Wilson, the Complaint is devoid of facts establishing the elements of a Maryland claim for intentional infliction of emotional distress: (1) that the conduct in question was intentional or reckless; (2) that the conduct was extreme and outrageous; (3) that there was a causal connection between the conduct and the emotional distress; and (4) that the emotional distress was severe. *See Harris v. Jones*, 380 A.2d 611, 614 (Md.1977).

Under Maryland law, "the tort of intentional infliction of emotional distress is rarely viable." *Farasat v. Paulikas*, 32 F.Supp.2d 244, 247 (D. Md. 1997). A plaintiff must plead and prove each element with specificity. *See Foor v. Juvenile Serv. Admin.*, 78 Md.App. 151, 552 A.2d 947, 959 (1989) ("Bald and conclusory allegations will not suffice"). "It is not enough for a

plaintiff merely to allege that they exist; he must set forth facts that, if true, would suffice to demonstrate that they exist." *Id.* (citations omitted); *see also The Estate of Ellen Alcalde v. Deaton Specialty Hosp. Home, Inc.* 133 F. Supp .2d 702, 712 (D. Md. 2001) (alterations added) (some quotations omitted). *("*A complaint that fails to allege sufficient facts in support of each element must be dismissed .... [A] deficiency in any one [element] is fatal.").

Intentional infliction of emotional distress is not a tort to be widely invoked.  In fact, Maryland courts have cautioned that the tort of intentional infliction of emotional distress should be imposed sparingly, and "its balm reserved for those wounds that are truly severe and incapable of healing themselves." *Figueiredo–Torres v. Nickel*, 321 Md. 642, 653, 584 A.2d 69, 75 (1991) (citations omitted); *see also Solis v. Prince George's County*, 153 F. Supp. 2d 793, 804–08 (D. Md. 2001).   Moreover, even demonstrating a defendant's intent to cause emotional distress is insufficient.  "If a defendant intends to cause a plaintiff emotional distress and succeeds in doing so, the defendant is nonetheless *not* liable unless his or her conduct is also extreme and outrageous."  *Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 326 Md. 663, 670-71 (1992) (emphasis in original).  Liability accrues only "for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.  The requirements of the rule are rigorous, and very difficult to satisfy."  *Id.* at 670.

Wilson's Complaint fails to set forth sufficient facts to satisfy the pleading requirements for this tort. *See, e.g.*, *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008). While the facts, taken in the light most favorable to Wilson and if proved true, might establish that his arrest rested on insufficient probable cause and could constitute tortious conduct under state law, the Officer Defendants' actions, as alleged, cannot be described as "exceeding all bounds usually tolerated by

decent society." Further, Wilson has not alleged any facts suggesting that the Officer Defendants calculated their actions to cause him very serious mental distress, nor has he alleged facts to substantiate that he did in fact suffer distress that was "severely disabling." *Harris v. Jones,* 281 Md. 560, 566 (1977). Perhaps recognizing the patent deficiencies in his pleading of Count Ten, Wilson failed to respond to the Defendants' arguments regarding intentional infliction of emotional distress in his Oppositions. ECF 9, 10. Accordingly, Count Ten will be dismissed without prejudice.

### B.  Claims Against the Town and EPD

As described above, while the Town and EPD address each Count of the Complaint in their Motion to Dismiss, the Complaint only asserts claims against the Town and EPD in Counts Ten, Eleven, and Twelve. To the extent Wilson intended to assert any other claims against the Town, he must seek leave to amend the complaint to add additional allegations. The existing claims against the Town and the EPD are addressed below.

#### 1.   Dismissal of the Claims against the EPD and the Indemnification Claim

Wilson "submitted" on the arguments raised by Defendants regarding the capacity of the EPD to be sued, and concerning the appropriateness of Wilson's indemnification claim against the Town. *See* ECF 9, 10 (stating, with respect to assertion that EPD is not a legal entity and indemnification claim, "Plaintiff submits on this argument"). Accordingly, the claims against EPD will be dismissed for the reasons set forth in Defendants' motion, and the indemnification claim against the Town will be dismissed without prejudice. *See Mentch,* 949 F. Supp. at 1246-47 (failure to meaningfully oppose or respond to an argument in a motion constitutes a waiver).

#### 2.   Count Ten – Intentional Infliction of Emotional Distress

The claim for intentional infliction of emotional distress is appropriately dismissed against the Town, as a result of the inadequate allegations as described above.

### 3.   Count Eleven - Negligent Hiring, Retention and Supervision

Similarly, Wilson's Complaint is devoid of any factual allegations supporting a state law claim for negligent hiring, retention and training.[3]  ECF 1 at 13–14. Wilson does not allege any facts concerning the training EPD officers receive with respect to arrests or the service of arrest warrants.  The Complaint contains a single, generic assertion that, "Defendant Town of Elkton and Defendant Elkton Police Department knew or should have know that Defendant Detweiler and Defendant Brown had an abusive and violent history, and that in confronting their public duties they were likely to abuse their positions of authority." ECF 1 ¶ 85.  However, there are no facts alleged to support that broad assertion.  This Court cannot ascertain, for example, whether the officers indeed had a history of "violence or abuse," and whether any such history existed before Detweiler and Brown were hired. Thus, the  Complaint fails to allege "enough factual matter (taken as true) to suggest" a cognizable cause of action under *Twombly,* and dismissal of Count Eleven without prejudice is appropriate.  *Twombly,* 550 U.S. at 556 (internal quotation marks omitted).

---

[3] Plaintiff's Complaint does not allege a claim against the Town under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), ECF 1, and contains no allegations of any municipal policy or custom that might have governed the Officer Defendants' conduct in their interaction with Wilson.

## IV.  CONCLUSION

For the reasons set forth above, the Officer Defendants' Motion to Dismiss, ECF 6, is

GRANTED IN PART and DENIED IN PART.  The Town and EPD's Motion to Dismiss, ECF

8, is GRANTED, although the Counts against the Town are dismissed without prejudice.  A

separate implementing Order follows.

Dated:  July 20, 2020                                            _____/s/_____
                                                                              Stephanie A. Gallagher
                                                                              United States District Judge